# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ANDREW HANSEN, ) | |
| ) | |
| ) | Civil Action File |
| Plaintiff, ) | No. 5:21-cv-00109 |
| ) | |
| vs. ) | COMPLAINT |
| ) | |
| PRO ROOFING & SIDING LLC, ) | |
| ) | JURY DEMAND |
| Defendant. ) | |

## COMPLAINT

Plaintiff Andrew Hansen ("Plaintiff"), by and through counsel, files this Complaint against Defendant Pro Roofing & Siding LLC ("Pro Roofing" or "Defendant") and alleges that Defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, by failing to pay Plaintiff proper overtime wages. Plaintiff files this Complaint against Defendant to recover unpaid wages, liquidated damages, prejudgment interest, costs, and attorneys' fees.

In support of his claim, Plaintiff asserts as follows:

## INTRODUCTION

1. This lawsuit arises from the failure of Defendant to properly calculate and pay Plaintiff overtime wages during the period approximately May 2021 through August 2021.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331. This case involves a question of federal law pursuant to the FLSA. Damages are proper pursuant to 29 U.S.C. §§ 207, and 216.

3. This Court has personal jurisdiction over Defendant.

4. Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1391. Defendant transacts business in this judicial district, and a substantial portion of the events giving rise to the claims alleged herein by Plaintiff occurred in this judicial district.

## THE PARTIES

5. Plaintiff is a citizen and resident of Georgia in this district and division.

6. Defendant is a Georgia corporation with its principal office address on file with the Georgia Secretary of State as 2558 Canton Rd, Marietta, GA, 30066.

7. Defendant's registered agent on file with the Georgia Secretary of State is Juan A. Reyes located at 2558 Canton Rd, Marietta, GA, 30066.

8. Defendant had annual gross revenue and volume of sales in excess of $500,000.00 for each year in the relevant period.

9. At all relevant times, Defendant has continuously been an employer

engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 207(a).

10. Defendant employed Plaintiff throughout the relevant period.

## FACTUAL BASIS OF PLAINTIFF'S CLAIMS

11. Plaintiff was employed by Defendant as a project manager assistant.

12. At all times during his employment, Plaintiff was a non-exempt employee of Defendant.

13. At all relevant times, Plaintiff was an "employee" of Defendant as that term is defined in 29 U.S.C. § 203(e)(1).

14. At all relevant times, Defendant employed Plaintiff within the meaning of the FLSA.

**A. Plaintiff's Employment with Defendant.**

15. Defendant hired Plaintiff in approximately May 2021.

16. Plaintiff's employment with Defendant ended in approximately August 2021.

17. Plaintiff was employed as a project manager assistant and his duties included, but were not limited to, performing installations, repairs, and maintenance on residential homes, taking photos before and after job performance, picking up and delivering materials to jobsites, and working with other employees to ensure

proper job performance.

18. In performing his job duties for Defendant, Plaintiff did not perform executive functions or have any duties with regard to managing any aspect of Defendant's operations.

19. In performing his job duties for Defendant, Plaintiff did not direct or supervise the work of any employees.

20. In performing his job duties for Defendant, Plaintiff did not have the authority to hire or fire any employee or make suggestions or recommendations as to the hiring, firing, or changing the status of any employee.

21. In performing his job duties for Defendant, Plaintiff did not exercise any discretion or independent judgment with regard to matters of significance.

22. Plaintiff's job duties did not include primary work that requires knowledge of any advanced type in a field customarily acquired by prolonged, specialized, intellectual instruction or study.

**B. Plaintiff's Unpaid Overtime.**

23. Defendant paid Plaintiff a flat weekly salary regardless of the amount of hours Plaintiff worked.

24. Defendant denied Plaintiff payment of overtime wage compensation required by the FLSA for any hours working in excess of 40 hours per workweek.

25. While Plaintiff's schedule varied, he regularly worked in excess of 40 hours per workweek.

26. Defendant willfully and/or deliberately failed to pay Plaintiff his earned overtime wages for hours worked in excess of 40 hours per workweek in violation of the FLSA.

27. Defendant maintained records of hours that Plaintiff worked.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS
## OVERTIME

28. Plaintiff realleges and incorporates by reference the preceding paragraphs of the Complaint as if they were set forth fully herein.

29. At all relevant times, Defendant was engaged in interstate commerce and/or the production of services for commerce, within the meaning of the FLSA, 29 U.S.C. § 207(a).

30. At all relevant times, Defendant employed Plaintiff within the meaning of the FLSA, 29 U.S.C. §§ 201 *et seq*.

31. At all relevant times, Defendant was an enterprise (as that term is defined in the FLSA, 29 U.S.C. § 203(r) and (s)(1)) with multiple employees (including Plaintiff) who were engaged in commerce or in handling, selling, or otherwise working on goods or materials that have been moved in or produced for

commerce by any person.

32. Defendant had annual gross revenue and volume of sales in excess of $500,000.00 for each year in the relevant period.

33. At all relevant times, Defendant had a policy and practice of failing to pay Plaintiff for all hours worked, including overtime hours, in violation of the FLSA.

34. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of the statute, 29 U.S.C. § 255(a).

35. Plaintiff suffered damages due to Defendant's willful misconduct.

36. Due to Defendant's FLSA violations, Plaintiff was damaged and is entitled to recover from Defendant compensation for unpaid overtime wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs, and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff respectfully requests a trial by jury and that this Court grant the following relief:

A. An award of compensation for unpaid overtime wages to Plaintiff;

B. An award of all liquidated damages for unpaid overtime wages to Plaintiff;

C. All such legal or equitable relief available pursuant to 29 U.S.C. § 216;

D. An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiff; and

E. Such other and further relief as this Court deems just and proper.

Respectfully submitted this October 21, 2021,

**HALL & LAMPROS, LLP**

*/s/ Gordon Van Remmen*
Gordon Van Remmen
Georgia Bar No. 215512
Brittany A. Barto
Georgia Bar No. 501673

400 Galleria Pkwy SE, Suite 1150
Atlanta, GA 30339
Tel.: (404) 876-8100
Fax: (404) 876-3477
gordon@hallandlampros.com
brittany@hallandlampros.com

*Attorneys for Plaintiff*

Counsel for Plaintiff certifies that this Complaint is in 14-point Times New Roman Font in compliance with the Local Rules of the Northern District of Georgia.