IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANDREW HANSEN, ) | |
| ) | |
| ) | Civil Action File No. |
| Plaintiff, ) | 1:21-cv-04376-LMM |
| ) | |
| vs. ) | |
| ) | |
| PRO ROOFING & SIDING LLC, ) | |
| ) | JURY DEMAND |
| Defendant. ) | |

## JOINT MOTION TO APPROVE SETTLEMENT

Plaintiff Andrew Hansen ("Plaintiff") and Defendant Pro Roofing & Siding LLC ("Defendant" or "Pro Roofing") (collectively, the "Parties") file this request that the Court approve the Settlement Agreement (the "Settlement Agreement") in which they have entered (See, Exhibit 1, fully executed Settlement Agreement) as to the Plaintiff's release of claims under the Fair Labor Standards Act ("FLSA").

In support of this Motion, the Parties jointly state as follows:

### Background

Plaintiff alleges he was employed by Defendant as a project manager assistant from approximately May 2021 through August 2021. *See*, **Exhibit 2**, Declaration of Gordon Van Remmen ("Van Remmen Decl."), at ¶ 2.

Plaintiff alleges that Defendant improperly calculated and paid Plaintiff's overtime wages in violation of the FLSA. Id. at ¶ 3.  Defendant contends that it has paid Plaintiff all amounts owed to him in overtime wages. Id. at ¶ 4.

Without admitting any wrongdoing, Defendant desires to resolve all claims, allegations, and causes of action between itself and Plaintiff as alleged in this action, that Plaintiff now, or in the future, may allege to have against Defendant. Id. at ¶ 5.

On October 21, 2021, Plaintiff filed this lawsuit against Defendant alleging violations of the Fair Labor Standards Act ("FLSA") for unpaid overtime wages. (Doc. 1).  On October 28, 2021, Plaintiff served Defendant. (Doc. 5).  On November 18, 2021, Defendant filed an Answer to Plaintiff's Complaint. (Doc. 6).

On December 6, 2021, Defendant produced limited pay and hours data that allowed Plaintiff's counsel to determine Plaintiff's alleged wage damages more accurately. Van Remmen Decl. at ¶ 6.  Thereafter, the Parties were able to settle their dispute. Van Remmen Decl. at ¶ 7.

## **Settlement**

Counsel for Plaintiff and Defendant reached a settlement through arm's length negotiations relating to the merits of the claims and defenses, which included discussions of the rate of pay, dates of employment, and FLSA non-willfulness. Plaintiff and Defendant have discussed and considered the facts, have carefully

calculated actual and potential damages and liability, have judiciously allocated same as set forth in the Settlement Agreement, and find the Settlement Agreement to be fair and reasonable. Id. at ¶ 8.

In exchange for a release of all Plaintiff's claims, the Parties were able to reach a reasonable settlement for a **compromised** amount of Eight Thousand Dollars ($8,000.00). This amount represents Two Thousand and Five Hundred Dollars ($2,500.00) in wages and liquidated damages to Plaintiff, and Five Thousand Five Hundred Dollars ($5,500.00) in Plaintiff's attorneys' fees and costs. Id. at ¶ 9.

Plaintiff agreed to this compromised settlement in order to ensure payments due under the Settlement Agreement. This amount represents each Plaintiff's **full** calculation for back wages, as well as a reduced amount for Plaintiff's attorneys' fees and costs. Id. at ¶ 10.

The $2,500.00 payment to Plaintiff is approximately 148% of the amount of Plaintiff's counsel's calculation of alleged unpaid wage damages of $1,686.92. Id. at ¶ 11. The $2,500.00 payment to Plaintiff is approximately 74% of the amount of Plaintiff's counsel's calculation of alleged back-wage and liquidated damages of $3,373.84. Id. Defendant dispute Plaintiff's counsel's calculation of Plaintiff's alleged damages, as well as liability for any damages in this case. Id. at ¶ 12.

The attorneys' fees to Plaintiff's counsel, Hall & Lampros, LLP is based on a reasonable lodestar value of hours worked of $6,022.50 that Plaintiff's counsel has reduced to $4,998.00 (a reduction of over 17%). Id. at ¶ 13.  As a reduction, Plaintiff's counsel did not include any time for partner Christopher Hall. Id. As a further reduction, Plaintiff's counsel did not include any time for drafting and preparing post-settlement documents. Id.  Plaintiff's counsel incurred reasonable costs of $502.00 (for the filing fee and service). Id. at ¶ 14. The Declaration of Gordon Van Remmen (Exhibit 2) further outlines Plaintiff's attorneys' fees, billing rates, and attorney experience. Ex. 2, Van Remmen Declaration, at ¶¶ 17-27.

At all times, the Parties negotiated the amount of damages separately from the amount of attorneys' fees and costs. Id. at ¶ 15.  As set forth in the proposed Settlement Agreement, attached as **Exhibit 1** to this Motion, the payments will resolve all of the claims set forth in this lawsuit.

Pursuant to the FLSA, claims for back wages and other damages arising under the FLSA may be settled or compromised with the approval of the district court. *See* 29 U.S.C. § 216 (b); *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1354 (11th Cir. 1982); *see also Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697 (1945).

The Parties therefore file this Joint Motion and request that this Court approve the Parties' Settlement Agreement (Ex. 1).  To do so, the Court must

determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1353, 1355.

The Parties expressly agree that the Settlement Agreement between the Parties represents a fair and equitable resolution of this matter. Based on these potential damages, defenses, and the risks involved for all Parties; all Parties, after consultation with their experienced counsel, believe that the proposed Settlement Agreement is fair and in each Party's best interest. Van Remmen Decl., at ¶ 16.

The Agreement is not the subject of fraud or collusion, but rather a genuine effort to avoid more time and resources than the Parties agree is prudent to resolve the issues.

The Parties acknowledge that, as is the case with any wage and hour dispute, any trial of this matter is likely to be lengthy and document intensive. As such, all Parties would be subjected to considerable expense in determining whether the Parties' respective assertions are correct and given the amount of potential recovery in this matter, such costs will likely exceed the amount of potential recovery. The Parties therefore believe that such expense is not worth the continued litigation of this case.

Plaintiff's counsel calculated damages, as well as liability for any damages in this case. As such, bona fide disputes as to the merits of the claims exist; and thus, Plaintiff is not assured of success of their claims.

The undersigned counsel for the Parties agree that continuing to litigate this matter would not be an efficient use of the Court's time and resources, and would not be beneficial to the Parties.

Accordingly, the Parties jointly and respectfully request that the Court approve the Settlement Agreement attached hereto as **Exhibit 1**.

A proposed Order has been attached hereto as **Exhibit 3**.

Respectfully submitted this February 2, 2022,

| *Submitted and Filed to by:* | *Consented to by:* |
|---|---|
| /s/ *Gordon Van Remmen* | /s/ *Sean Keenan* |
| Gordon Van Remmen | Sean Keenan |
| Ga. Bar # 215512 | Georgia Bar No. 523871 |
| Brittany A. Barto | Alexa L. Morris |
| Ga. Bar # 501673 | Georgia Bar No. 995229 |
| | |
| **HALL & LAMPROS, LLP** | **Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP** |
| 400 Galleria Pkwy SE, Suite 1150 | |
| Atlanta, GA 30339 | Meridian II, Suite 2000 |
| Tel.: (404) 876-8100 | 275 Scientific Drive |
| gordon@hallandlampros.com | Peachtree Corners, GA 30092 |
| brittany@hallandlampros.com | Direct Dial: 678-684-2154 |
| | Email: skeenan@cmlawfirm.com |
| | Email: amorris@cmlawfirm.com |
| *Attorneys for Plaintiffs* | |
| | *Attorneys for Defendant* |

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2022, I filed the foregoing *Joint Motion to Approve Settlement* with the ECF filing system which will send a copy to all counsel of record.

*/s/ Gordon Van Remmen*
Gordon Van Remmen
